﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200304-67392
DATE: December 31, 2020

ORDER

Service connection for bilateral pes planus is granted.

FINDING OF FACT

The evidence is at least in equipoise as to whether the Veteran’s bilateral pes planus is etiologically related to his active duty service. 

CONCLUSION OF LAW

The criteria for service connection for bilateral pes planus have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1984 to July 1994. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). AMA became effective on February 19, 2019.

In a March 2020 Notice of Disagreement, VA Form 10182, the Veteran selected to opt-in to the modernized review system from the February 2020 Statement of the Case (SOC), with regard to the issue of entitlement to service connection for bilateral pes planus, only. As such, the Veteran timely appealed this SOC to the Board and effectively withdrew his legacy appeal as to the issue of service connection for bilateral pes planus. In the February 2020 VA Form 19182, the Veteran also selected the direct review lane, indicating that he would not submit any additional evidence in support of his appeal.

The Board acknowledges that the Veteran submitted a timely December 2017 substantive appeal (VA Form 9) to the November 2017 SOCs appealing the issues of entitlement to service connection for tinnitus and headaches and entitlement to increased ratings for a left knee disorder and ulcer disorder with reflux. These issues have been certified on appeal under the Legacy Appeal System. Accordingly, that appeal will be addressed in a separate decision at a later date.

Entitlement to service connection for bilateral pes planus.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995). 

The Board must also analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994).

With an approximate balance of positive and negative evidence on a relevant issue, VA resolves reasonable doubt in the claimant’s favor. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

The record shows the Veteran has been diagnosed with bilateral pes planus. See October 2018 VA Examination report. Such is sufficient to meet the requirement of a present disability. 

As for service incurrence, the Veteran’s service treatment records (STRs) show that he had bilateral pes planus diagnosed in April 1990 and was given arch supports. See June 2014 STRs. Thus, what must still be shown to establish service connection for bilateral pes planus is a nexus to service. 

With respect to that question, the Board finds the evidence of record reasonably establishes that a nexus exists. In pertinent part, in October 2018 a VA examiner rendered a positive etiological opinion indicating that it was at least as likely as not that the Veteran’s bilateral pes planus was in incurred or caused by the claimed in-service injury, event, or illness. The examiner indicated that there was a verified diagnosis and treatment for bilateral pes planus during the Veteran’s active duty service and persistent bilateral foot pain since that time. This opinion is afforded significant probative value as it was based on review of the record and examination of the Veteran and is supported by the Veteran’s treatment record that shows an in-service diagnosis for bilateral pes planus and continuing post-service complaints for bilateral foot pain. See April 2006 VA Treatment records. Notably, there are no opinions to the contrary. 

(Continued on the next page)

 

Based on the foregoing, the Board finds that the evidence reasonably establishes that the Veteran’s bilateral pes planus is related to his service, and thus service connection is warranted. 38 U.S.C. § 5107(b); Gilbert, 1 Vet. App. at 49.

 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. E. Metzner, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.